**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 16-4516**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ARNIEL LAMONT CARLTON,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Arenda L. Wright Allen, District Judge. (4:15-cr-00031-AWA-DEM-1)

---

Submitted: March 21, 2017      Decided: March 29, 2017

---

Before WILKINSON and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Scott W. Putney, SCOTT W. PUTNEY, P.C., Norfolk, Virginia, for Appellant. Dana J. Boente, United States Attorney, Amy E. Cross, Assistant United States Attorney, Newport News, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arniel Lamont Carlton was sentenced to 48 months' imprisonment upon entering a conditional guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). Carlton reserved the right to appeal the district court's denial of his motion to suppress evidence obtained in a warrantless entry into and search of his home by police and Carlton's subsequent statements. On appeal, Carlton contends that police lacked probable cause, that exigent circumstances did not justify the warrantless entry and search, and that any statements attributable to him were tainted by the initial search. We affirm.

When considering the denial of a motion to suppress, "[w]e review de novo a district court's rulings with respect to reasonable suspicion and probable cause." United States v. Palmer, 820 F.3d 640, 648 (4th Cir. 2016). "Absent clear error, we will not disturb factual findings made by a district court after an evidentiary hearing on suppression issues." Id. Because the Government prevailed on the suppression issue below, "we view the evidence in the light most favorable to the government." Id.

"Searches and seizures inside a home without a warrant are presumptively unreasonable." Kentucky v. King, 563 U.S. 452,

2

459 (2011) (internal quotation marks omitted). But exigent circumstances may justify warrantless entry. Id. at 460. To rely on exigent circumstances, police "need only possess a reasonable suspicion that such circumstances exist at the time of the search or seizure in question." Figg v. Schroeder, 312 F.3d 625, 639 (4th Cir. 2002) (internal quotation marks omitted). "[C]ourts should not engage in unreasonable second-guessing of the officers' assessment of the circumstances that they faced." Id. (internal quotation marks omitted).

Exigencies that may justify a warrantless entry or protective sweep include concern for officer safety and the need to preserve evidence. Id. "With respect to officer safety, . . . the protection of police officers is of particular concern in cases" involving firearms and drugs. United States v. Watson, 703 F.3d 684, 693 (4th Cir. 2013). "[P]olice officers need to be assured that the persons with whom they are dealing are not armed with, or able to gain immediate control of, a weapon that could unexpectedly and fatally be used against [them]." Id. (internal quotation marks omitted). With respect to evidence preservation, officers may enter without a warrant where they "reasonably believe that evidence may be destroyed or removed before they could obtain a warrant." United States v. Moses, 540 F.3d 263, 270 (4th Cir. 2008) (internal quotation

3

marks omitted).  In determining whether exigent circumstances exist, a court should consider:

> (1) the degree of urgency involved and the amount of time necessary to obtain a warrant; (2) the officers' reasonable belief that the contraband is about to be removed or destroyed; (3) the possibility of danger to police guarding the site; (4) information indicating the possessors of the  contraband are aware that the police are on their trail; and (5) the ready destructibility of the contraband.

United States v. Yengel, 711 F.3d 392, 397 (4th Cir. 2013) (internal quotation marks omitted).  The inquiry focuses on the officers' reasonable belief rather than "concrete proof" of the exigency.  Moses, 540 F.3d at 270 (internal quotation marks omitted).

Here, the officers had probable cause at the time of their entry into Carlton's home.  Although the underlying offense of brandishing a firearm is a misdemeanor under Virginia law, Va. Code Ann. § 18.2-282 (2014), the circumstances here involved "violence or threats of it," Welsh v. Wisconsin, 466 U.S. 744, 751 (1984).

We conclude that Carlton has shown no error in the district court's ruling that exigent circumstances justified the officers' warrantless entry into Carlton's home, subsequent protective sweep, and seizure of the shotgun.  The officers' concerns for safety and evidence preservation were objectively reasonable under the circumstances.  See Moses, 540 F.3d at 270.

4

Consideration of the Yengel factors confirms the existence of exigent circumstances. See Yengel, 711 F.3d at 397. Additionally, contrary to Carlton's argument, the record reveals that the exigencies were not officer-created. See King, 563 U.S. at 461 (precluding reliance on exigent circumstances exception where officers manufactured exigency). The officers did not engage or threaten to engage in conduct violative of the Fourth Amendment, id. at 462, and "[f]aulting the police for failing to apply for a search warrant at the earliest possible time after obtaining probable cause imposes a duty that is nowhere to be found in the Constitution," id. at 467. Moreover, the officers took only a quick look around Carlton's home to verify that no one else was present, a reasonable, limited intrusion for officer safety purposes that did not offend the Fourth Amendment. See Maryland v. Buie, 494 U.S. 325, 336-37 (1990); Watson, 703 F.3d at 693.

Absent a Fourth Amendment violation, any statements attributable to Carlton were not "fruit of the poisonous tree." Moreover, Carlton admitted that he was apprised of his Miranda rights before he made the inculpatory statements, and that he understood those rights. Therefore, we conclude denial of Carlton's suppression motion was proper in all regards.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED